Opinion issued September 29, 2005













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01041-CR




ANTHONY P. STEWART, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court
Harris County, Texas
Trial Court Cause No. 984158




O P I N I O N
          Appellant, Anthony P. Stewart, was charged by indictment with the murder of
William Alexander. A jury found appellant guilty as charged and found that he used
or exhibited a deadly weapon during the commission of the offense. The trial court
assessed punishment at confinement in prison for 35 years. On appeal, appellant
complains that the trial court erred in denying appellant’s Batson


 challenge. We
affirm. 
BACKGROUND
          During voir dire, the prosecutor, after addressing the entire venire regarding the
reluctance of some individuals, based on their religious or moral convictions, to sit
in judgment of another, questioned jurors 31 and 32 as follows: 
[PROSECUTOR]:Anyone else on the second row and of
course specifically because of Pastor Davis you believe even though you
are a pastor I understand; correct? 
 
VENIREPERSON:Yes.
 
[PROSECUTOR]:But you believe you can participate and
sit in judgment of another? 
 
VENIREPERSON:Sure.
 
[PROSECUTOR]: Ms. Kim, you are a secretary to the
Catholic Charities? 
 
VENIRE PERSON: Yes. 
 
[PROSECUTOR]: Can you also participate and sit in
judgment of another? 
 
VENIRE PERSON: Yes, I can. 

          In her remarks to the venire, the prosecutor, at one point, gave a hypothetical
example using jurors 3 and 4. At another point, she asked juror 4 if he understood
one of her questions. She also asked juror 4 if he thought his nephew was treated
fairly when he was charged with a crime, and the juror responded, “Yes.”
          After the jury was selected, counsel for appellant made the following Batson
challenge:
For the record, to establish that Juror No. 37, a black male, and
Juror No. 31 is a black male, Juror No. 32 is a black female, Juror No.
4 is a black male. All of these jurors were struck by the Prosecution. 
And Mr. Stewart is a black. For the record we’d like to get some neutral
explanation to say why these jurors were struck. 

The State then gave the following explanation: 
Both Jurors No. 3 and 4 seemed angry and quick to answer, and
I don’t know if it’s because I used them in my example or not. So I have
an uncomfortable feeling with them. And then when Mr. Moncriffe
asked the question of had anyone ever gotten a traffic ticket and then
who fought it because they were not guilty I actually struck all the
people who said they fought because they were not guilty. And that’s
including No. 3, 4, 6, who was white. . . . 
 
           . . . . 
 
Jurors No. 31 and 32, Juror No. 31 is a pastor for 18 years, and
Juror No. 32 a secretary for the Catholic Charities. And I did ask them
if they could be fair, if they could sit and judge and they did say yes, but
I don’t feel comfortable putting people whose business tends to forgive
people on a criminal jury. That’s why I struck those two. 
          Appellant’s counsel made no attempt to rebut the State’s explanation. Rather,
he simply objected “to the explanation given by the State.” The trial court found that
the State’s reasons were racially neutral and denied appellant’s Batson challenge. On
appeal, appellant complains that the trial court erred in finding that the prosecutor’s
reasons for striking jurors 4, 31, and 32 were racially neutral. Appellant does not
complain about the trial court’s ruling as to juror 37. 
STANDARD OF REVIEW
          When reviewing a trial court’s finding with regard to a Batson challenge, an
appellate court reverses the ruling only if it appears clearly erroneous. Rhoades v.
State, 934 S.W.2d 113, 123–124 (Tex. Crim. App. 1996). In applying this standard,
we will not reverse the trial court’s ruling unless we have a definite and firm
conviction that a mistake has been made. Id. We give great deference to the trial
court’s determination and view the evidence in the light most favorable to the trial
court’s ruling. Jasper v. State, 61 S.W.3d 413, 422 (Tex. Crim. App. 2001). If we
determine that the State’s explanations have not been rebutted by the appellant, we
will deem the trial court’s ruling that there was no purposeful discrimination on the
basis of race as not clearly erroneous. Williams v. State, 804 S.W.2d 95, 101 (Tex. 
Crim. App. 1991). 
DISCUSSION
          In his first point of error, appellant complains that the trial court erred in ruling
that the prosecutor’s explanations of his strikes of jurors 31 and 32 were racially
neutral because the prosecutor failed to sufficiently question their participation in the
“forgiveness business.” In his second point of error, appellant complains that the trial
court erred in ruling that the prosecutor’s explanations of its strike of juror 4 was
racially neutral because the prosecutor incited a negative reaction from him and failed
to sufficiently question him. Because both points of error complain of the trial
court’s Batson ruling, we discuss the points together. 
          Using a peremptory challenge based on a juror’s race violates equal protection
under the United States Constitution. Batson v. Kentucky, 476 U.S. 79, 86, 106 S. Ct.
1712, 1717 (1986). In the face of perceived purposeful discrimination, the defendant
may request a Batson hearing. The hearing involves a three-step process. Purkett v.
Elem, 514 U.S. 765, 767–68, 115 S. Ct. 1769, 1770–71 (1995). First, the defendant
must make a prima facie case of racial discrimination. Id., 514 U.S. at 767, 115 S. Ct.
at 1770. Then, the burden of production shifts to the state to present a racially neutral
explanation for its challenged strike. Id., 514 U.S. at 768, 115 S. Ct. at 1771. Finally,
the trial court must decide whether the defendant has established purposeful
discrimination. Id.; see also Miller-El v. Dretke, ___U.S. ___, 125 S. Ct. 2317, 2324
(2005). Throughout the challenge, however, the burden of persuasion remains with
the defendant, who has the opportunity to rebut the explanations prior to the trial
court’s decision. Jasper, 61 S.W.3d at 421; see also Purkett, 514 U.S. at 768, 115 S.
Ct. at 1771. 
          In Keeton v. State, the Court of Criminal appeals enumerated five nonexclusive 
factors that may be used in analyzing a Batson challenge. Keeton v. State, 749
S.W.2d 861, 866 (Tex. Crim. App. 1988). Appellant contends, with respect to jurors
31 and 32, that one of those factors—an explanation based on a group bias where the
group trait is not shown to apply to the challenged juror specifically—applies to this
case. See id. The State responds that Keeton is no longer good law because it has
been supplanted by Purkett. 
          The court in Keeton, considering a case of first impression, relied on case law
out of Florida and Alabama to determine the role of the trial judge in ruling on a
Batson challenge. Id. at 865–67 (citing Slappy v. State, 503 So. 2d 350 (Fla. Dist. Ct.
App. 1987) and Ex parte Branch, 526 So. 2d 609 (Ala. 1987)). The Florida and
Alabama courts listed five factors that could be used in a Batson analysis, and the
Keeton court approved that concept. Id. at 868. 
          The Supreme Court, in Purkett, made it clear that the trial court’s analysis of
the State’s justification of its use of peremptory strikes occurs at the third step of the
Batson process and that the burden of persuasion regarding racial motivation never
shifts from the defendant. Purkett, 514 U.S. at 768, 115 S. Ct. at 1771. The Court
also clarified that the reasons offered by the State do not have to be persuasive, or
even plausible, to meet the State’s burden of production, as long as they are racially
neutral. Id. We do not read Purkett as rendering Keeton bad law. There is nothing
in Purkett to suggest that the five factors stated in Keeton, Slappy, and Branch may
no longer be used in the trial court’s analysis at the third step of the Batson challenge. 
          In this case, appellant made a Batson challenge to some of the State’s
peremptory strikes. The State offered a racially neutral explanation for those strikes. 
Appellant did not attempt to rebut the State’s explanation or to carry his burden of
persuasion by asserting, as he does on appeal, that the State did not show that the
usual traits of the “forgiveness business” applied to jurors 31 and 32 or that the State
antagonized juror 4. The trial court then found the State’s explanation to be racially
neutral and denied the Batson challenge. 
          In light of appellant’s failure to offer any rebuttal of the State’s reasons for
striking jurors 4, 31, and 32, we cannot say that the trial court’s ruling was clearly
erroneous. Williams, 804 S.W.2d at 101; see also Whitsey v. State, 796 S.W.2d 707,
726 (Tex. Crim. App. 1989) (noting appellant’s rebuttal of prosecutor’s proffered
explanation for his peremptory strikes). 
          Accordingly, we overrule appellant’s first and second points of error and affirm
the judgment. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Publish. Tex. R. App. P. 47.2(b).